935 F.2d 1288
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry MILLER, Defendant-Appellant.
 No. 90-5770.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 31, 1991.
Decided June 20, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CR-89-237)
 L. Robert Pettini, Wheeling, W.Va., for appellant.
 William A. Kolibash, United States Attorney, Thomas Oliver Mucklow, Assistant United States Attorney, Rita R. Valdrini, Assistant United States Attorney, Wheeling, W.Va., for appellee.
 N.D.W.Va.
 VACATED AND REMANDED.
 Before MURNAGHAN, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Terry Miller pled guilty to possession of an unregistered firearm (a Molotov cocktail) in violation of 26 U.S.C. Sec. 5861(d) and appeals the guidelines sentence he received. We vacate the sentence and remand for resentencing.
 
 
 2
 Miller contends that his offense level was incorrectly calculated when two offense characteristics were used under U.S.S.G. Sec. 2K1.4[1] although the guideline permits use of only the greater of multiple offense characteristics applicable in a case. The government properly concedes error on this point. Resentencing is thus required.
 
 
 3
 Miller also argues that the district court applied the wrong offense characteristic when it found that he "recklessly endangered" the safety of another (Sec. 2K1.4(b)(2)), rather than that he merely "endangered" the safety of another (Sec. 2K1.4(b)(5)). Because this requires a factual determination, we review the decision of the district court under a clearly erroneous standard. United States v. Daughtrey, 874 F.2d 213 (4th Cir.1989). However, in the record on appeal, the facts of the offense are sketchy and the district court's reasons for applying U.S.S.G. Sec. 2K1.4(b)(2) rather than U.S.S.G. Sec. 2K1.4(b)(5) are inadequate to permit us to review its decision. On remand, the district court should develop the facts further and make a more explicit statement of its reasons for applying U.S.S.G. Sec. 2K1.4(b)(2).
 
 
 4
 For the reasons given, we vacate the judgment and remand for resentencing consistent with this opinion. Appellant's motion to file a pro se supplemental brief is granted; the government's motion to strike the supplemental brief is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 VACATED AND REMANDED.
 
 
 
 [1]
 A cross-reference from Sec. 2K2.2, the guideline applicable to 26 U.S.C. Sec. 5861(d)